IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Clara Louderback and**
**George Louderback,**

      **Plaintiffs,**

v.                                           **Case No. 06-2023-JWL**

**Litton Industries, Inc.;**
**Northrop Grumman Information**
**Technologies, Inc.; Gerber Life Insurance**
**Company; and A.C. Newman and Company**
**Insurance Correspondents, Inc.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiffs filed this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., to recover accidental death benefits and to recover statutory penalties for violations of ERISA's document disclosure requirements. In a memorandum and order dated August 23, 2007, the court granted defendants' motions for summary judgment and denied plaintiffs' motion for summary judgment. Thereafter, plaintiffs filed a motion for reconsideration (which the court ultimately denied) and defendants filed motions for attorneys fees and costs. Consistent with Federal Rule of Civil Procedure 54(d)(2)(B), defendants' motions for fees simply state the judgment and statute entitling defendants to an award and set forth a fair estimate of the amount sought. Consistent with Local Rule 54.2, defendants assert in those motions that they will, within the appropriate time frame, file a memorandum setting forth the factual basis for the requested award if they are unable to reach an agreement with

plaintiffs after consultation.

Perhaps unfamiliar with the procedures set forth in these rules, plaintiffs have filed a response to the motions challenging defendants' failure to provide a factual basis for the requested awards and asking the court to deny the motions for that reason. Defendants Northrop Grumman and Litton move to strike the response as premature and the court believes that it is appropriate to do so. Since the filing of plaintiffs' response, defendants have filed more detailed memoranda in support of their motions for fees and plaintiffs should direct any response to those memoranda within the time period provided by the applicable rules.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Northrop Grumman and Litton's motion to strike plaintiffs' response to defendants' motion for costs and fees (doc. 89) is granted.

**IT IS SO ORDERED.**

Dated this 13th day of December, 2007, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge