IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Clara Louderback and
George Louderback**

    **Plaintiffs,**

vs.              Case No. 06-2023-JWL

**Litton Industries, Inc.;
Northrop Grumman Information
Technologies Inc.; Gerber Life Insurance
Company; and A.C. Newman and
Company Insurance Correspondents, Inc.,**

    **Defendants.**

## MEMORANDUM AND ORDER

I. Background

  Plaintiffs filed this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., to recover accidental death benefits and to recover statutory penalties for violations of ERISA's document disclosure requirements. In a memorandum and order dated August 23, 2007, the court granted defendants' motions for summary judgment and denied plaintiffs' motion for summary judgment. Thereafter, plaintiffs filed a motion for reconsideration which the court denied in a memorandum and order dated November 13, 2007.

  This matter is presently before the court on defendants' motions for attorneys' fees (Docs. 84, 85 and 98).[1]  As will be explained, the court denies defendants' motions.

---

[1] Documents 84 and 85 are the defendants' motions for attorneys' fees. Document 98 is the memorandum of points and authorities in support of the motion for attorneys' fees and costs of defendants Gerber Life Insurance Company and A.C. Newman and Company Insurance Correspondents, Inc., titled and marked as a motion for attorneys' fees.

II. ERISA Attorney Fee Awards

In any ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Tenth Circuit has established five factors that courts should consider when determining whether to award attorneys' fees in its discretion under section 1132(g)(1):

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Gordon v. United States Steel Corp.,* 724 F.2d 106, 109 (10th Cir. 1983) (citing *Eaves v. Penn,* 587 F.2d 453, 465 (10th Cir. 1978)) (further citations omitted); *accord McGee v. Equicor-Equitable HCA Corp.,* 953 F.2d 1192, 1209 n.17 (10th Cir. 1992). "[T]he five *Gordon* factors are merely guidelines, and while courts need not consider each factor, no single factor should be held dispositive." *McGee,* 953 F.2d at 1209 n.17.

The five-factor test is not limited in application to motions for fees by prevailing plaintiffs. *See Gordon,* 724 F.2d at 109 (involving motion for fees by prevailing defendants). Nonetheless, as this court has noted, "only rarely and reluctantly have courts awarded fees under this test against unsuccessful plaintiffs." *Herring v. Oak Park Bank,* 1997 WL 458417, at 2 (D. Kan. July 3, 1997) (citing numerous commentators).

Soon after the promulgation of the five-factor test by the Tenth Circuit in *Eaves,* the Seventh Circuit explained why "consideration of these factors will seldom dictate an assessment of attorney's fees against ERISA plaintiffs." *Marquardt v. North Am. Car Corp.,* 652 F.2d 715, 720 (7th Cir. 1981). In *Marquardt,* the court stated:

> First, the "culpability" of a losing plaintiff significantly differs from that of a losing defendant. A losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate. A losing plaintiff, on the other hand, will not necessarily be found "culpable", but may be only in error or unable to prove his case. This distinction also applies to the fifth factor- the relative merits of the parties' positions-since a plaintiff's culpability is determined by the lack of merit of his suit, while a defendant's culpability is determined by actions prior to suit.
>
> Second, when an employee sues an employer, the employer often will be in a position to pay its own legal fees while the employee will be hard pressed to pay both his own and the employer's fees . . . . Thus, the "ability to pay" factor will rarely weigh in favor of an award of attorneys' fees to a defendant.
>
> Similarly, the third factor, deterrence, generally will not justify an award of attorneys' fees to defendants. Although an assessment of attorneys' fees against a plaintiff certainly would be a strong deterrent against bringing a frivolous action, it generally is sufficient that plaintiff bears his own attorneys' fees and costs to deter institution of a frivolous or baseless suit. Deterrence is achieved against employers, on the other hand, because they will have added incentive to comply with ERISA, rather than facing suits for compliance, if they know that they may have to pay plaintiffs' attorneys' fees, in addition to the costs of compliance and their own legal fees.
>
> Finally, the benefit of the suit to all participants in an ERISA plan or the resolution of a significant legal question under ERISA is also primarily relevant only to whether plaintiffs should be awarded attorneys' fees. Plaintiffs will have added incentive to bring suits that benefit all plan beneficiaries and to enforce the policies behind ERISA if their attorneys' fees will be paid by defendants. Of course, sometimes a defendant may establish an interpretation of ERISA that clarifies the law or benefits ERISA plan beneficiaries, if not the plaintiff. But, in general, the fourth factor is significant in determining the benefits conferred in a suit brought by ERISA plaintiffs, rather than the benefits of dismissing a meritless ERISA suit.
>
> In summary, we find that although § 1132(g)(1) does not explicitly differentiate between plaintiffs and defendants, a court will seldom abuse its discretion by refusing to award attorneys' fees and costs to a defendant.

*Id.* at 720-21 (footnotes omitted); *see also Herring,* 1997 WL 45417, at 2-3.

3

As it did in *Herring*, the court agrees with the Seventh Circuit's analysis, and it believes that the Tenth Circuit would reach similar conclusions concerning the five-factor test. *Herring,* 1997 WL 458417 (denying fees to a prevailing defendant under the five-factor test); *Buchanan v. Reliance Standard Life Ins. Co.*, 1998 WL 513012 (D. Kan. July 6, 1998) (same).

III. Analysis

In light of the above discussion concerning fee awards in favor of the prevailing defendants, and after application of the relevant factors to this case, the court concludes in its discretion that an award of attorneys' fees is not appropriate here.  The first factor is closely tied to the fifth factor, and therefore the court will address those factors together. Defendants argue that plaintiffs' claims were frivolous and should have been abandoned after notice of key facts and law purportedly negating any theory of liability, namely that the insurance plan did not cover the loss.  The court disagrees.  Although plaintiffs' arguments were ultimately unavailing, they were not frivolous; rather, those arguments were based on plaintiffs' good faith interpretation of Tenth Circuit precedent, albeit an interpretation with which the court ultimately disagreed.  The fact that plaintiffs' position was not sustained does not automatically weigh in favor of awarding fees to the defendant. *See McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.,* 33 F.3d 253, 257 (3d Cir. 1994) ("A party is not culpable merely because it has taken a position that did not prevail in litigation.").

Nor does the second factor weigh in favor of defendants here as there has been no showing that plaintiffs are capable of paying any fee award.  Third, the court does not believe that a fee award would have an appropriate deterrent effect and in fact could have

4

a chilling effect and deter potentially meritorious claims. Fourth, as previously mentioned, the benefit of the suit to all participants in an ERISA plan or the resolution of a significant legal question under ERISA is primarily relevant only to whether plaintiffs should be awarded attorneys' fees. Finally, the relative merit of the parties' positions was not so clearly one-sided as to justify an award of attorneys' fees. Although plaintiffs did not ultimately prevail in this case, their claims were not so devoid of merit as to weigh in support of an award of attorneys' fees to defendants.

IV. Conclusion

The court has considered the five *Gordon* factors for determining whether to award attorneys' fees to the prevailing party under § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1). For the reasons set forth above, the court finds that the factors weigh against an award of attorneys' fees to the defendants in this action. Accordingly, the defendants' motions are denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motions for attorneys' fees (Docs. 84, 85 and 98) are denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, this 15th day of January, 2008.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge